PATTEN *v.* MERCHANTS' AND FARMERS' MUTUAL FIRE-
INSURANCE COMPANY.

A representation made to a mutual fire-insurance company by the appli-
cant for insurance in answer to a direct inquiry, that the property is
not encumbered by mortgage or otherwise, is a material representation
within the meaning of a by-law of the company which declares that
the policy shall be void if the application does not contain a full and
true exposition of the facts and circumstances relative to the condition,
situation and risk of the property so far as they are material to the
risk, and within the meaning of a covenant inserted in the application
that it contains such exposition; and, if the representation is false by
reason of the existence of a mortgage for a substantial amount at the
time of the application and of the issuing of the policy, the representa-
tion avoids the policy.

ASSUMPSIT upon a policy of insurance to recover for a
loss by fire. The case was submitted to the court upon
an agreed statement of facts raising several questions as
to the validity of the policy, one only of which is neces-
sary to be stated. The application contains the following
question, answer and covenant: "Is the property encum-
bered by mortgage or otherwise?" Answer: "No."
"The applicants hereby covenant that the foregoing is a
just, full and true exposition of all the facts and circum-
stances in regard to the condition, situation, value and
risk of the property to be insured, so far as the same are
known to the applicants, and are material to the risk."

The insurance is declared in the policy to be made
under the conditions and limitations expressed in the rules
and regulations of the company, annexed to the policy,
among which is the following: "Art. 12. Matters which
will vacate a policy. Policies shall become void and of
no effect for any of the following causes or reasons, to
wit: If the application shall not contain a full, fair and
substantially true representation of all the facts and cir-

cumstances respecting the property, so far as they are within the knowledge of the assured and material to the risk." Then follow several other grounds for vacating policies. The policy further declares that the application shall form part of the contract, to be taken in connection with the policy. The defendant company was incorporated in the State of Massachusetts, and established there. At the time of the application and of the issuing of the policy there was a mortgage upon the property, which was a brick block in the city of Manchester, to secure the payment of a debt of $5,000 to the Manchester Savings Bank.

It was agreed that judgment should be rendered for the plaintiffs or defendants, according to the opinion of the court upon the question of the effect of said misrepresentation upon the policy.

*W. C. & S. G. Clarke*, for the plaintiffs.

The fact that the property was mortgaged was not a fact material to the risk. Article 12 of the rules specifies the matters which will vacate the policy, and this is not named among them. No wilful misrepresentation appears. The property insured was the plaintiffs', and they were not required by the rules of the company to set forth the particulars of their title. *Clapp* v. *Union M. F. I. Co.*, 27 N. H. (7 Fost.) 143.

*B. F. Thomas*, of Massachusetts, for the defendants.

The contract was made and to be performed in Massachusetts. Its construction and validity, and the rights and duties of the parties under it, are, we submit, to be determined by the laws of that State. In this State, as well as in Massachusetts, the application, charter and by-laws of the company, referred to in the policy as making part of it, are as binding upon the parties as if they had been introduced into the body of the policy. *Marshall* v.

*Insurance Co.,* 27 N. H. (7 Fost.) 157 ; *Forbes* v. *Insurance Co.,* 9 Cush. 470, 472. See, also, *Jennings* v. *Insurance Co.,* 2 Den. 75. The answer of the applicants in reference to the incumbrance was a material statement. A representation, made to a mutual fire-insurance company, in answer to their question, in an application for insurance on a building against fire, that there is no encumbrance thereon, is a material representation, which, if false, avoids the policy ; and this, though the company is established by the laws of another State, and may not, therefore, have a lien on the property insured. Such is the precise point decided in *Davenport* v. *N. E. Mu. F. Ins. Co.,* 6 Cush. 340. The doctrine of this case has been repeatedly affirmed and extended, as when the encumbrance has been stated to be less than it was, (*Hayward* v. *Insurance Co.,* 10 Cush. 444 ;) though made without the knowledge of its falsity, and without intent to deceive, ( *Wilbur* v. *Insurance Co.,* 10 Cush. 446 ;) though the stipulation is only that the representation was correct so far as regards the risk, (*Friesmuth* v. *Insurance Co.,* 10 Cush. 587 ;) though the policy covered different subjects of insurance, and the statement was false only as to part, (*Brown* v. *Insurance Co.,* 10 Cush. 280 ;) though the mortgage was not recorded until after the issuing of the policy, (*Packard* v. *Insurance Co.,* 2 Gray 334.) See, also, *Bowditch Insurance Co.* v. *Winslow,* 3 Gray 415, 431. The same doctrine is affirmed in this State in *Marshall* v. *Insurance Co.,* 27 N. H. (7 Fost.) 157.

We may concede that the representation is not to be taken as a warranty, upon the literal fulfillment of which the contract depends, but as a mere representation which is to be substantially true. Here, the statement that there was no encumbrance, is substantially and wholly false, and upon a matter peculiarly within the knowledge of the assured. The statement is material in and of itself, and is made material by the fact that it was the subject of

inquiry by the company. Angell on Fire Ins. 248, 249; 1 Phill. Ev. (4th ed.) 356, 361; 1 Arnould on Ins. 571; 2 Duer on Ins. 581. See *Dutton* v. *Ins. Co.*, 29 N. H. (9 Fost.) 153; which, recognizing the duty of the assured to state truly encumbrances existing at the time of the application, is based upon the distinction between these and those subsequently created. See also *Brown* v. *Williams*, 15 Shep. 252; *Leathers* v. *Ins. Co.*, 24 N. H. (4 Fost.) 259.

There is no question open for the jury. The question whether there has been a misrepresentation as to the title, is a question of fact, but that is agreed. Whether the misrepresentation avoids the policy is a question of law, which we submit is conclusively settled against the plaintiffs by the authorities, and upon the soundest reasons of policy.

*S. G. Clarke*, in reply. The statement was a mere representation, and not a warranty, and was a fair and substantially true representation, so far as was material to the risk. The existence of the mortgage can hardly be called a "fact or circumstance" respecting the property. The kind of building, purposes for which used, its proximity to other buildings, means of extinguishing fires— these may properly be deemed the facts and circumstances referred to. They are material to the risk. But it is difficult to conceive in what way a small mortgage would increase the chances of a conflagration. Opinion of *Nelson*, J., in *Tyler* v. *Ins. Co.*, 13 Wend. 513; *Strong* v. *Ins. Co.*, 10 Pick. 40; *Fletcher* v. *Ins. Co.*, 18 Pick. 421. A failure on the part of the insured to disclose the existence of a mortgage is not a circumstance material to the risk, and will not avoid the policy. *Delahay* v. *Ins. Co.*, 8 Humph. 684. The test of a material variation is that a larger premium is required. *Nichol* v. *Ins. Co.*, 3 W. & M. 529; *Lexington Ins. Co.* v. *Power*, 16 Ohio 324. But, say the defendants, we inquired of you whether there was any

encumbrance, and you were bound to answer correctly. The plaintiffs submit that they were required only to answer questions as to facts material to the risk by the terms of the by-laws, and that the fact that inquiry is made does not make the encumbrance material. We concede that there is slight authority for the position that an underwriter may make a fact material which otherwise is not so, by inquiry in relation to it. But we take it this inquiry must be made for the purpose of making the fact so inquired about material. It does not appear here that the inquiry was put with that object. By the Massachusetts statutes, referred to in the policy, whether or not there was an encumbrance, is material so far as regards all property insured situated in that State. The company is located there, and, as to all property located there, it is a proper and pertinent question to be asked. But they could have no lien on this property for the amount of the deposit note. There is no provision in our statutes giving such lien, and it could not be created by a Massachusetts statute. The plaintiffs have not executed any instrument or done any act to create such lien. As to all property insured out of the limits of Massachusetts, it is immaterial to the company whether it is encumbered or not. The defendants rely on *Davenport* v. *Ins. Co.*, 6 Cush. 340, and subsequent Massachusetts decisions, cited in the argument as decisive of the question. The decision in *Davenport* v. *Ins. Co.* was based principally on the fact that the by-laws required a statement as to encumbrances. The same is true of *Hayward* v. *Ins. Co.* In *Wilbur* v. *Ins. Co.*, and *Friesmuth* v. *Ins. Co.*, by the general statutes of Massachusetts, the companies had a lien on the property, thus making the statement material. In *Bowditch* v. *Ins. Co.*, the by-laws provided that any policy should be void unless the true title of the insured should be expressed in the application. So, also, in *Marshall* v. *Ins. Co.*, the decision is based entirely on the requirements of the by-laws. In

the case at bar, the company have no lien, and the by-laws do not require the title of the assured to be stated. It is true that the learned judge who delivered the opinion of the court in *Davenport* v. *Ins. Co.*, remarks that it was material for the insurers to know of the encumbrances in reference to the responsibility of the insured, and his ability to meet his engagements. But *Nelson*, J., in *Tyler* v. *Ins. Co.*, 13 Wend. 513, says it cannot be material in a degree that deserves consideration.

It is important to be noted, that all these decisions are made in cases where the company was a mutual company, having no capital or other means to meet losses than assessments to be made upon the premium notes. The defendant company is to all intents and purposes a stock company; the mutuality consisting in the insured being stockholders instead of third parties. A premium of such per cent. as is sufficient, by calculation of the chances and in a long period of time, to pay all losses, and leave a· profit, is paid down by the assured for his insurance. The deposit notes are taken in lieu of the paid in and invested capital of a stock company, to be drawn upon only upon the happening of some great and extraordinary loss. In the case at bar it appears that the plaintiffs paid in a cash premium of one per cent.—a fair rate for insuring the property in a reliable stock company. We submit, then, that this case is not within the principles on which the cases relied on by the defendants were decided. We may well ask, would a larger premium have been required if the mortgage had been disclosed? It is clear that there would not, and there was no fact withheld which was material to the risk.

Whether there has been such a misrepresentation as will avoid the policy, is for the jury. *Ins. Co.* v. *Snyder*, 16 Wend. 482; *Fletcher* v. *Ins. Co.*, 18 Pick. 420; *Ins. Co.* v. *Cotheal*, 7 Wend. 72.

SAWYER, J. By the express terms of the policy, the rules and regulations of the company which are annexed, and the application on which it was issued, are made parts of the contract. They are to be regarded as incorporated into the policy ; and, in order to determine what the agreement is, it is necessary to look to the policy, application and rules, as together constituting the contract and expressing its terms, and the conditions and limitations of the defendants' liability under it.

In the application it is stated, in answer to an inquiry made by the company, that the property is not encumbered by mortgage or otherwise. The application contains a covenant by the insured, in express terms, that the representations therein expressed are a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property, so far as the same are known to the applicants, and are material to the risk. This representation is false in fact, as the property, at the time of the application and the issuing of the policy, was encumbered by a mortgage for five thousand dollars. This, of course, must be understood to have been known to the applicants, and it was in law a matter material to the risk. The incumbrance was for a substantial amount, and was not merely nominal in its character. It seriously affected the value of the plaintiffs' title, and the extent of their interest in the property, and gave to other parties a large insurable interest in it. Whether the defendant company might or not have a lien upon the property for the security of the premium note, it was material to them to be correctly informed as to the existence of such an encumbrance, in order to enable them to exercise a proper discretion in determining the rate of insurance, the amount to be insured, and the security to be required for the payment of assessments upon the deposit note. It may readily be conceived that the company might have declined to insure so large an

Patten v. Insurance Company.

amount, if they had understood that there were mort-gagees having so large an insurable interest that they might with propriety also obtain insurance to an equal or greater amount, and that they might have insisted upon a higher rate of insurance and better security, if they had understood that the substantial value of the applicant's interest was in fact $5,000 less than it was represented to be. We think it clear that, when the title of the insured is made the subject of special enquiry by the insurers, in reference to the existence of incum-brances upon it, the matter becomes material, and the representation is material to the risk, not so much because, if false, the property as represented would seem to be less exposed to conflagration than it actually is in its true con-dition, but because the matter which is the subject of the misrepresentation is material to be fairly and truly dis-closed, in order to enable the company to judge correctly in reference to the propriety of assuming the risk, and the terms upon which it is to be taken. The article of the rules and regulations which declares that the policy shall be void if the application does not contain a full, fair and substantially true representation of all the facts and cir-cumstances respecting the property, so far as they are material to the risk, is to be construed in the same sense, as equivalent to saying, so far as it may be material to the company to know them, in order to estimate the risk cor-rectly. The materiality of the facts and circumstances is not to be understood as limited to their direct effect, in exposing the property to more or less danger from fire, but as extending to all other considerations necessarily affecting the nature and character of the risk.

These views are fully sustained by the authorities cited by the defendants' counsel, and they would seem to be decisive of the case.

There is nothing for the jury upon this point, as the falsity of the representation is admitted, and its materiality appears as matter of law.

The undertaking of the defendants was to pay in case of loss, provided the representations contained in the application, so far as they were material to the risk, were substantially true. The representation, in reference to the encumbrance, is entirely false, by reason of an encumbrance of a substantial amount. This is material to the risk, within the meaning of the contract, and the defendants are thereby exonerated from liability under it.

*Judgment for the defendants.*